FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 18 2023

TAMMY H. DOWNS, CLERK
By: _____, DEP CLERK

UNITED STATS DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

United States of America

vs.

DARLENE WALKER

Defendant(s)

Docket No. 4:17-CR-00293-BSM-3

**MOTION FOR REDUCTION OF SENTENCE PURSUANT
TO 18 USC (c)(2) BASED ON RETROACTIVE
EFFECT OF AMENDMENT 821 PART B ZERO POINT OFFENDERS**

I.

COMES NOW, Darlene Walker (hereinafter "Defendant") files this motion for Reduction of Sentence Pursuant to 18 USC (c)(2) Based on Retroactive Effect of Amendment 821 Part B Zero Point Offenders. Defendant states the following:

II.

Defendant was sentence on or about November 2, 2022 as a result of her conviction relating to Conspiracy to Possess with Intent to Distribute Methamphetamine. Defendant was sentenced to a term of imprisonment of 60 months, at a base offense level of 34 with a criminal history category of 0, followed by a term of supervised release of 2 years. Defendant is currently incarcerated at Aliceville SPC in Aliceville, Alabama.

III.

The United States Sentencing Commission agreed to make Amendment 821, Part B of the sentencing guidelines retroactive, subject to special instructions. The special instructions are as follows:

1.) Defendant did not receive any criminal history points from Chapter 4, Part A;
2.) Defendant did not use violence or credible threats of violence in connection to offense;
3.) Defendant did not receive an adjustment under 3A1.4 (Terrorism);
4.) The offense did not result in death or serious bodily injury;
5.) The instant offense of conviction is not a sex offense;
6.) Defendant did not personally cause substantial financial hardship;
7.) Defendant did not possess, receive, purchase, transport, transfer, sell or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
8.) The instant offense of conviction is not covered by 2H1.1;
9.) Defendant did not receive an adjustment under 3B1.1 or 3A1.5;
10.) Defendant did not receive an adjustment under 3B1.1 and was not engaged in a continuing criminal enterprise as defined in 21 U.S.C. 848.

The sentencing guidelines under this amendment call for one to two level decrease under 4C1.1.

IV.

Under the discretion of the Honorable Presiding Judge, the court makes two determination in deciding whether or not to modify a sentence under USC 3582 (c)(2). First, what sentence would have been imposed had the retroactive amendment been in effect at the time the Defendant was sentenced. Second, leaving untouched all other previous factual decisions concerning particularized sentencing factors, what sentence it would have imposed had the new sentencing guidelines been in range at the time of the original sentencing (U.S. v. Wyatt, 115 F .3d 606,609 (8th circuit 1997).

V.

Defendant does not posses any of the special instruction in her case, therefore making her eligible for relief in this motion. The Defendant is a low level offender with no mitigating factors.

VI.

There is no substantial criminal history here. Under the new sentencing guidelines, Defendant would have received a lesser sentence than the one she received, subject to the presiding judge's discretion.

VII.

Throughout Defendant's incarceration, Defendant has adhered to the rules and regulations of the facility. She has no disciplinary infractions and is on the waiting list for First Step Act courses. She is more than willing to participate in every course available.

Wherefore, Defendant humbly requests a two level reduction resulting in a reduction of 20 months off her sentence, pursuant to 18 U.S.C. 3582 (c)(2) in light of Amendment 821 for Zero-Point Offenders.

Respectfully Submitted,

Darlene Walker (Pro Se)
SPC Aliceville
PO Box 487
Aliceville, Alabama 35442

CERTIFICATE OF SERVICE

I, Darlene Walker, do hereby certify that I served a copy of the same, postage pre-paid to United States District Court Eastern District of Arkansas on this 12th day of December, 2023.